**United States District Court**
For the Northern District of California

1     *E-Filed: August 19, 2014*

2

3

4

5     NOT FOR CITATION

6     IN THE UNITED STATES DISTRICT COURT

7     FOR THE NORTHERN DISTRICT OF CALIFORNIA

8     SAN JOSE DIVISION

9     SOHAILA SHOOSHTARIAN,                    No. C13-01973 HRL

10              Plaintiff,                      **ORDER DENYING PLAINTIFF'S**
                                                **MOTION FOR SUMMARY**
        v.
11                                              **JUDGMENT AND GRANTING**
      CAROLYN W. COLVIN,                        **DEFENDANT'S CROSS-MOTION**
12    Acting Commissioner of Social Security,   **FOR SUMMARY JUDGMENT**

13              Defendant.                      **[Re: Docket Nos. 9, 12]**
      _____/

14

15          Sohaila Shooshtarian ("Plaintiff") appeals a final decision by the Commissioner of Social

16    Security Administration ("Defendant") denying her application for Disability Insurance Benefits

17    pursuant to the Social Security Act.  Presently before the court are the parties' cross-motions for

18    summary judgment.  The matter is deemed fully briefed and submitted without oral argument.

19    Pursuant to 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have expressly consented that all

20    proceedings in this matter may be heard and finally adjudicated by the undersigned.  Upon

21    consideration of the moving papers, and for the reasons set forth below, the Court DENIES

22    Plaintiff's motion for summary judgment and GRANTS Defendant's motion for summary

23    judgment.

24                                    **I.  BACKGROUND**

25          Plaintiff was 54 years old as of her date last insured ("DLI") of September 30, 2011.

26    Administrative Record ("AR") 124.  She has previously worked as an electrical engineer.  AR 140.

27    She claims disability based on rheumatoid arthritis and dysthymia.  AR 23.  On September 30, 2009,

28    Plaintiff applied for disability benefits alleging the onset of disability on August 25, 2009.  AR 102-

08.  Plaintiff's claim was denied initially and upon reconsideration.  AR 69-72, 83-88.  At her request, she received a hearing before an Administrative Law Judge ("ALJ") on September 6, 2011, where she was represented by counsel.  AR 53-66.

The ALJ issued a written decision dated April 5, 2012.  AR 21-28.  As an initial matter, the ALJ found that Plaintiff last met the insured status requirements of the Social Security Act on June 30, 2010.  AR 23.  The ALJ proceeded to evaluate Plaintiff's claim of disability using the five-step sequential evaluation process for disability required under federal regulations.  AR 21-22; *see* 20 C.F.R. §§ 404.1520, 416-920(a).  Ultimately, the ALJ found that Plaintiff "was not under a disability, as defined in the Social Security Act, at any time from August 25, 2009, the alleged onset date, through June 30, 2010, the date last insured."  AR 28.

At step one, the ALJ found that Plaintiff did not engage in substantial gainful activity during the period from her alleged onset date of August 25, 2009 through her DLI of June 30, 2010.  AR 23.  At step two, she found that plaintiff had the medically determinable severe impairment of rheumatoid arthritis; however, Plaintiff's medically determinable mental impairment of dysthymia was nonsevere.  AR 23-24.  At step three, the ALJ concluded that, through the DLI, Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  AR 24-25.  Prior to step four, the ALJ determined that Plaintiff suffered from a medically determinable physical impairment that could reasonably be expected to cause her alleged symptoms, but that her statements concerning the intensity, persistence and limiting effects of the symptoms were not credible.  AR 25-28.  Accordingly, the ALJ found that, through the DLI, Plaintiff had the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. 404.1567(c), including the ability to lift and/or carry twenty-five pounds frequently and fifty pounds occasionally, as well as sit, stand and/or walk for six hours out of an eight-hour workday.  AR 25.  At step four, the ALJ found that, through the date of last insured, Plaintiff was capable of performing her past relevant work as an electrical engineer.  AR 28.  Accordingly, the ALJ found that she was not disabled.  *Id.*

The Appeals Council denied Plaintiff's request for review, and the ALJ's decision became the final decision of the Commissioner.  AR 1.  Plaintiff now seeks judicial review of that decision.

**United States District Court**
For the Northern District of California

## II. LEGAL STANDARD

Pursuant to 42 U.S.C. § 405(g), this Court has the authority to review the Commissioner's decision to deny benefits. The Commissioner's decision will be disturbed only if it is not supported by substantial evidence or if it is based upon the application of improper legal standards. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Moncada v. Chater*, 60 F.3d 521, 523 (9th Cir. 1995). In this context, the term "substantial evidence" means "more than a mere scintilla but less than a preponderance – it is such relevant evidence that a reasonable mind might accept as adequate to support the conclusion." *Moncada*, 60 F.3d at 523; *accord Drouin v. Sullivan*, 966 F.2d 1255, 1257 (9th Cir. 1992). When determining whether substantial evidence exists to support the Commissioner's decision, the Court examines the administrative record as a whole, considering adverse as well as supporting evidence. *Drouin*, 966 F.2d at 1257. Where evidence exists to support more than one rational interpretation, the Court must defer to the decision of the Commissioner. *Moncada*, 60 F.3d at 523; *Drouin*, 966 F.2d at 1258. "[T]he court will not reverse the decision of the ALJ's decision for harmless error, which exists when it is clear from the record that the ALJ's error was inconsequential to the ultimate nondisability determination." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008).

## III. DISCUSSION

Plaintiff moves for an order remanding the case for calculation of benefits or a new hearing because the final decision of the Commissioner was based on legal error and unsupported by substantial evidence. Specifically, Plaintiff contends that the ALJ erred in (1) miscalculating Plaintiff's DLI, and (2) giving insufficient weight to the opinions of treating physicians Sood and Agah. Defendant asserts that any miscalculation of Plaintiff's DLI was harmless error, and the ALJ properly gave less weight to the unsupported opinions of Sood and Agah. Accordingly, Defendant moves for affirmation of the decision because it is supported by substantial evidence and free of reversible legal error.

### A. Date Last Insured

It is undisputed that the ALJ misstated the Plaintiff's DLI throughout the decision and expressly tied his findings to an incorrect DLI. From this, Plaintiff assumes that the ALJ never

United States District Court
For the Northern District of California

1   evaluated her condition over the fifteen month period between the stated DLI of June 30, 2010 and

2   the actual DLI of September 30, 2011, and therefore the case must be remanded.  On the other hand,

3   Defendant argues that any error was harmless because it is apparent from the written decision that

4   the ALJ considered all the medical evidence, including records that postdate the ALJ's misstated

5   DLI.  The Court agrees with the Defendant.

6       The ALJ expressly noted that he considered all the medical records, and he did not limit his

7   review or accord weight based on whether the record pertained to the presumed disability period.  In

8   fact, the ALJ relied most on the opinions of Dr. Wagner and Dr. Lief, who examined Plaintiff in

9   June 2011 and October 2011, respectively, giving them "great weight."  On the other hand, he gave

10  "little weight" to the only medical opinion from 2009, that of state agency physician Dr. Acinas, as

11  well as the only medical opinion from 2010, that of Dr. Sood. Thus, the ALJ did not fail to evaluate

12  Plaintiff's condition over the period from June 30, 2010 to September 30, 2011, as Plaintiff

13  contends; on the contrary, it is clear from the record that the ALJ did, in fact, consider the entire

14  period.  Moreover, Plaintiff has not demonstrated that she has suffered prejudice as a result of the

15  ALJ's incorrect DLI or that the error had any impact on the ALJ's ultimate disability determination.

16  Accordingly, the Court finds that the ALJ's error was harmless and remand for determination of

17  disability for the period from June 30, 2010 to September 30, 2011 is unnecessary. *Compare Ublish*

18  *v. Astrue*, No. 11 C 4359, 2013 WL 80370 at *11 (N.D. Ill. Jan. 7, 2013) ("[T]he ALJ accounted for

19  the entire record up through the decision date and excluded no evidence on account of the erroneous

20  DLI.  As a result, this error does not require remand." (citation omitted)) *with Raines v. Astrue*, No.

21  C-10-04268 DMR, 2012 WL 699460 at *4 (N.D. Cal. Mar. 1, 2012) ("The ALJ's error was not

22  harmless because analysis of the entire record indicates that the ALJ might have arrived at a

23  different conclusion had he applied the correct DLI.  It is unclear what weight, if any, the ALJ

24  accorded evidence falling beyond the miscalculated DLI . . . .").

25       **B.  Treating Opinions of Dr. Sood and Dr. Agah**

26  The ALJ gave "little weight" to Dr. Sood and the rheumatoid arthritis impairment

27  questionnaire he completed in November 2010, which indicated that Plaintiff could only sit for three

28  hours and stand/walk for four hours in an eight-hour work day, as well as occasionally lift up to ten

**United States District Court**
For the Northern District of California

pounds.  AR 377-78.  The ALJ's purported justification for the little weight was that Dr. Sood did not adequately explain his assessment; he merely relied on Plaintiff's subjective complaints as opposed to the objective clinical and diagnostic findings in the record which showed that Plaintiff was stable on medications.   For the same reasons, the ALJ gave little weight to the rheumatoid arthritis impairment questionnaire by Dr. Agah in September 2011, which found that Plaintiff could sit and stand/walk for only one hour a day and could occasionally lift up to five pounds.  The ALJ then gave "great weight" to the opinion Dr. Wagner, who found that Plaintiff had no limitations with respect to her capacity to sit, stand, or walk and that she could lift up to fifty pounds occasionally and twenty-five pounds frequently.  AR 409.  The ALJ noted that Dr. Wagner's assessment was "based on an in-person exam, well supported by objective, medically acceptable clinical and laboratory diagnostic techniques, the assessment is complete, specific facts are cited upon which the conclusion is based, and is largely consistent with the record as a whole."  AR 27.

The opinion of a treating physician generally is given more deference than the opinion of non-treating physician because a treating physician is deemed likely to be the medical professional most able to provide a detailed, longitudinal picture of the claimant's impairment.  20 C.F.R. § 416.927(d)(2).  A treating physician's opinion, however, is not binding on an ALJ with respect to the existence of an impairment or the ultimate determination of disability.  *Thomas v. Barnhart*, 278 F.3d 947, 956 (9th Cir. 2002) (citing *Morgan*, 169 F.3d at 600).  Indeed, the determination as to whether an individual is disabled is reserved specifically to the Social Security Administration.  20 C.F.R. § 416.927(e).  If the treating physician's opinion is controverted, the ALJ may reject that opinion only by making "findings setting forth specific, legitimate reasons for doing so that are based on substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1995).  "The ALJ can 'meet this burden by setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings.'"  *Id*.

Plaintiff argues that the ALJ's rejection of her two treating physicians' opinions as unsupported by evidence is grossly inaccurate as both doctors' assessments are based upon ample objective evidence, including blood tests and x-rays, as well as clinical examinations which revealed evidence of pain, tenderness, reduced flexion, and reduced tension in her wrists and/or knee.

**United States District Court**
For the Northern District of California

1   Plaintiff also asserts that the ALJ erred in dismissing the entire opinion of Dr. Agah based on the

2   ALJ's contention that Dr. Agah's opinion that Plaintiff was "disabled" infringes on an issue

3   exclusively reserved to the Commissioner.

4         On the other hand, Defendant asserts that substantial evidence supports the ALJ's critique

5   that the doctors primarily based their opinions on the subjective complaints of Plaintiff – who the

6   ALJ found not credible, which finding Plaintiff does not challenge – as well as the ALJ's finding

7   that their assessments were contradicted by other evidence.  Moreover, the ALJ did not dismiss Dr.

8   Agah's opinion outright; he merely noted that the determination as to Plaintiff's disability was

9   ultimately an issue reserved to the Commissioner, and Dr. Agah's statement was not controlling or

10  given special significance.

11        The Court has little trouble finding that with respect to Dr. Agah, the ALJ set forth specific,

12  legitimate reasons for giving his opinion little weight, which reasons are supported by substantial

13  evidence.  The ALJ did not, as Plaintiff contends, ignore Dr. Agah entirely because he opined as to

14  the ultimate issue of disability.  Rather, the ALJ gave little weight to his RFC assessment because it

15  was not accompanied by any supporting medical evidence and was inconsistent with the record as a

16  whole.  The Court agrees that substantial evidence in the record belies Dr. Agah's opinion that

17  Plaintiff could only sit and stand/walk for zero-to-one hours in an eight-hour work day.  For

18  example, as the ALJ pointed out, Plaintiff walks, drives, plays with her pets, does housework, goes

19  to the movies, and does yoga.  Accordingly, the ALJ did not err in giving little weight to the opinion

20  of Dr. Agah.

21        As for Dr. Sood, he did have a longer treatment relationship with Plaintiff and provided

22  clinical findings in the record that lend some support for his functional assessment, which was not as

23  limiting as Dr. Agah's.  Nevertheless, the Court finds that substantial evidence supports the ALJ's

24  justifications for giving little weight to his opinion, namely that the majority of his evidentiary

25  support was based on Plaintiff's subjective complaints and his assessment was inconsistent with

26  other evidence in the record.  Take for example the laundry list of supporting clinical evidence

27  Plaintiff cites to as found by Dr. Sood during his various clinical examinations:

28          right wrist tenderness with pain and significantly reduced flexion and extension;
            minimal left wrist tenderness; intermittent shooting pain in her arms and long-

United States District Court
For the Northern District of California

standing pain in her right wrist; a burning or tingling sensation in her shoulders and wrists; left knee pain and tenderness, dry mouth, and continued difficulty with repetitive motion and gripping, especially in her right wrist; significant joint tenderness, decreased right wrist movements, cervical spine tenderness, and left knee tenderness with a baker's cyst.

Pl.'s Mot. Summ. J., at 13, Dkt. No. 9-1 (citations omitted).  A review of the record reveals that, with the exception of the reduced flexion and extension, dry mouth, and what Dr. Sood referred to as a "possible mild Baker's cyst," the symptoms are, as the ALJ stated, based on the subjective complaints of the Plaintiff, who the ALJ found lacked credibility.  Accordingly, the ALJ set forth a specific, legitimate reason for giving reduced weight to Dr. Sood's opinion, which reason is supported by substantial evidence. *See Tonapetyan v. Halter*, 242 F. 3d 1144, 1149 (9th Cir. 2001) ("Because the present record supports the ALJ in discounting [the claimant's] credibility . . . he was free to disregard Dr. Ngaw's opinion, which was premised on her subjective complaints."). Moreover, substantial evidence supports the ALJ's determination that Dr. Sood's assessment of Plaintiff's limitations was inconsistent with other evidence in the record, including, as discussed above, activities capably performed by the Plaintiff.  Thus, in view of the "great weight" properly given to the opinion of Dr. Wagner, the Court finds that substantial evidence supports the ALJ's decision to weight Dr. Wagner's examining opinion over the treating opinions of Dr. Agah and Dr. Sood.

## IV. CONCLUSION

For the foregoing reasons, the Court finds that the final decision of the Commissioner is supported by substantial evidence and free of legal error.  Accordingly, Plaintiff's motion for summary judgment is DENIED and Defendant's motion for summary judgment is GRANTED.

**IT IS ORDERED.**

Dated: August 15, 2014

HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

1   **C13-01973 HRL Order will be electronically mailed to:**

2   Alex Gene Tse      alex.tse@usdoj.gov, kathy.terry@usdoj.gov, USACAN.SSA@usdoj.gov

3   Michael Kramer Marriott      michael.marriott@ssa.gov, ODAR.OAO.COURT.1@ssa.gov,
    sf.ogc.ndca@ssa.gov

4

    Omar O Ortega      ocubed@aol.com

5

    **Counsel are responsible for distributing copies of this document to co-counsel who have not**
6   **registered for e-filing under the court's CM/ECF program.**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28